## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| JO ANNA CANZONERI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-01370 |
| ) | |
| RICHARD ALLEN MCCORMICK, *et al.* ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Plaintiff, Jo Anna Canzoneri's ("Canzoneri") Motion for Leave to Proceed In Forma Pauperis [#2].  For the reasons set forth below, this Motion is GRANTED, and this matter is DISMISSED without prejudice with leave to file an amended complaint curing the identified defects within 21 days of this Order.

### DISCUSSION

Title 28 U.S.C. § 1915 allows any person to commence a civil action without the prepayment of fees if the person is unable to pay those fees. 28 U.S.C. § 1915(a)(1).  Canzoneri submitted an Application to Proceed without Prepayment of Fees and Affidavit.  It appears from the notations on the application that she has weekly unemployment income in the amount of $80.00.  Canzoneri also indicates that she has student loan payments of $20.00 per month.  On these facts, Canzoneri has established that she is unable to pay court fees.

However, the Court's inquiry does not end with a finding of indigence.  The Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2).  A lawsuit is not frivolous unless the plaintiff "can make no rational argument in law or fact to support [her] claims for relief." Corgain v. Miller, 708 F.2d 1241, 1247 (7th Cir. 1983).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  The Supreme Court has also clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 -1965 (2007).

Even with the most liberal reading of the complaint, the forty-eight-page pleading includes no cognizable basis for her claims, much less any factual assertions from which the Court could infer that she may be entitled to relief.  Canzoneri failed to state claims against several of the 2,750 different named and unnamed defendants.  The Complaint is also devoid of any concrete factual allegations giving rise to Canzoneri's claims.  The rambling and disjointed stream of consciousness reflected in her statement of the claim is such that no defendant could reasonably discern the basis for her claim against it.  Thus, her Complaint fails to comply with the minimal pleading requirements set forth in Rule 8(a).

The Court finds that Canzoneri's Complaint fails to state a legal claim and fails to even minimally comply with Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, because the Court can discern no arguably cognizable claims from the pleadings, the Court must dismiss

the Complaint. The Court will, however, provide Canzoneri with one opportunity to file an amended complaint curing the identified deficiencies within 21 days.

## CONCLUSION

For the reasons set forth herein, the Motion for Leave to Proceed In Forma Pauperis [#2] is GRANTED for the limited purpose of this Order. The Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. Canzoneri is given leave to file an Amended Complaint within 21 days of the date of this Order that cures the deficiencies identified above.

ENTERED this   22nd   day of November, 2010.

　　　　　　　　　　　　　　　　　　    /s Michael M. Mihm
　　　　　　　　　　　　　　　　　　Michael M. Mihm
　　　　　　　　　　　　　　　　　　United States District Judge